UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
DOCKET NO. 2:13-cv-00001-MOC

| | |
|---|---|
| **TODD DOUGLAS ROWLAND,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| **CAROLYN W. COLVIN, Acting Commissioner of** ) | |
| **Social Security,** ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the court upon plaintiff's Motion for Summary Judgment and the Commissioner's Motion for Summary Judgment.[1] Having carefully considered such motions and reviewed the pleadings, the court enters the following findings, conclusions, and Order.

**FINDINGS AND CONCLUSIONS**

**I.      Administrative History**

A month before reaching his eighteenth birthday, plaintiff filed an application for Children's Insurance Benefits alleging the onset on disability at birth in 1988. At the hearing, plaintiff's representative amended the onset date to the date of plaintiff's 18th birthday, which the ALJ found to be unnecessary.

Plaintiff's claim was denied both initially and on reconsideration; thereafter, plaintiff requested and was granted a hearing before an administrative law judge ("ALJ"). After conducting a hearing, the ALJ issued a decision which was unfavorable to plaintiff, from which

---

1      The Commissioner has styled her motion as a "Motion for Order Affirming the Commissioner's Decision," while her brief is captioned "Memorandum in Support of the Commissioner's Motion for Summary Judgment." The Commissioner is advised that in this district, Social Security appeals are resolved through cross motions for summary judgment as provided in the Pretrial Order.

plaintiff appealed to the Appeals Council. The Appeals Council reversed and remanded the ALJ's initial decision and instructed the ALJ to take new evidence, conduct a new hearing, make specific findings, and enter a new decision in accordance with its instructions. The ALJ complied with such instructions, conducted a new hearing, and entered a new decision, as to which the Appeals Council denied review. The ALJ's decision was affirmed by the Appeals Council, making the ALJ's second decision the final decision of the Commissioner of Social Security ("Commissioner"). Thereafter, plaintiff timely filed this action.

## II. Factual Background

It appearing that the ALJ's findings of fact are supported by substantial evidence, the undersigned adopts and incorporates such findings herein as if fully set forth. Such findings are referenced in the substantive discussion which follows.

## III. Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not *de novo*, Smith v. Schwieker, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, supra. Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. Hays v. Sullivan, supra.

## IV. Substantial Evidence

### A. Introduction

The court has read the transcripts of plaintiff's administrative hearings, closely read the final decision of the ALJ, and reviewed the extensive exhibits contained in the administrative record. The issue is not whether this court might have reached a different conclusion had it been presented with the same testimony and evidentiary materials, but whether the decision of the administrative law judge is supported by substantial evidence. The undersigned finds that it is.

**B.     Sequential Evaluation**

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim under Title II pursuant to the following five-step analysis:

a.  An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings;

b.  An individual who does not have a "severe impairment" will not be found to be disabled;

c.  If an individual is not working and is suffering from a severe impairment that meets the durational requirement and that "meets or equals a listed impairment in Appendix 1" of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors;

d.  If, upon determining residual functional capacity, the Commissioner finds that an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made;

e.  If an individual's residual functional capacity precludes the performance of past work, other factors including age, education, and past work experience, must be considered to determine if other work can be performed.

20 C.F.R. § 404.1520(b)-(f). In this case, the Commissioner determined plaintiff's claim at the fifth step of the sequential evaluation process.

**C.     The Administrative Decision**

After an exhaustive analysis of the evidence and testimony in a 26-page decision, the ALJ determined that prior to attaining the age of 22, there were jobs in significant numbers that

that plaintiff could perform based on a consideration of his age, education, work experience, and residual functional capacity ("RFC"). Administrative Record ("A.R.") at 34. The ALJ determined that plaintiff had the RFC for medium work, but that his ability to perform all or substantially all of the requirements of this level work had been impeded by additional limitations. In posing a hypothetical to the Vocational Expert ("VE"), the ALJ asked the VE whether jobs existed in the national economy for a person with plaintiff's age, education, work experience, and RFC prior to attaining the age of 22. The VE opined that such an individual would be able to perform the occupations of kitchen helper, sweeper cleaner, and harvest worker, which are jobs existing in sufficient qualities in both the national and regional economies. Id. Finding at the fifth step that plaintiff had the RFC to perform work that exists in significant numbers in the national economy, the ALJ determined that plaintiff was not disabled before he attained his 22nd birthday. Id. at 35.

**D.      Discussion**

**1.      Plaintiff's Assignments of Error**

Plaintiff has made the following assignments of error:

I.    The Administrative Law Judge's RFC is inconsistent with his opinion that Rowland can perform other work.

II.   The Administrative Law Judge has a duty to develop a full and fair record and cannot rely only on the evidence submitted by Rowland, when that evidence is inadequate and failed to comply with SSR 83-20 and by failing to consult a medical expert regarding the onset date of Rowland's disability.

III.  The Administrative Law Judge erred in his evaluation of medical evidence in this case resulting in an RFC evaluation not supported by substantial evidence.

Plaintiff's assignments of error will be discussed seriatim.

### 2. First Assignment of Error: An RFC Inconsistent with ALJ's Other Opinions

Plaintiff first contends that the ALJ erred in assigning an RFC which plaintiff believes is inconsistent with underlying conclusions reached by the ALJ concerning plaintiff's vocational base. The ALJ is solely responsible for determining the RFC of a claimant. 20 C.F.R. § 404.1546(c). In determining RFC, the ALJ must consider the functional limitations and restrictions resulting from the claimant's medically determinable impairments. S.S.R. 96-8p. Inasmuch as RFC is determined at the fourth step of the sequential evaluation process, the burden is on the claimant to establish that he or she suffers from a physical or mental impairment which limits functional capacity. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981).

Specifically, plaintiff contends that the he had the RFC to perform a full range of medium work with limitations of simple 1-2 step tasks in a low stress environment, defined as no production work, such as an assembly line, and further limited to no contact with the public and only occasional contact with co-workers. Plaintiff's Brief (#13) at 20. Plaintiff contends that only one of the three jobs identified by the VE has a reasoning restriction consistent with the restriction found by the ALJ. Id. He argues that due to such restriction, he could not perform the occupations of harvester or dishwasher before attaining his 22nd birthday. Id.

The *Dictionary of Occupational Titles* ("DOT") provides that the job of harvester can be performed by a person who has a reasoning level of one, which is the lowest reasoning level on a six point scale. DOT § 403.687-018. Contrary to his thesis, plaintiff goes on in his brief to admit that a person with his assessed RFC can perform an occupation with a reasoning level of one. See Plaintiff's Brief (#13) at 20. Thus, such contention is without merit.

As to the other challenged position, that of dishwasher, the DOT requires a reasoning level of two. Plaintiff contends that the ALJ's determination that he is limited to simple one or two-step tasks conflicts with a reasoning level of two. Plaintiff cites no authority for that proposition; instead, it appears that a claimant limited to performing simple one or step tasks *can* perform an occupation with a reasoning level of two or even three. Lovell v. Astrue, No. 2:12-cv-00128, 2013 WL 174886, *8 (D. Vt. Jan. 16, 2013) (rejecting argument that claimant's limitation to one to three step instructions precluded reasoning level two or three jobs; collecting authority); Thacker v. Astrue, No. 3:11-cv-00246, 2011 WL 7154218, at *4 (W.D.N.C. Nov. 28, 2011) (Mag. J. Mem. & Rec.) ("The requirements of [DOT] reasoning level three are consistent with a limitation to simple, unskilled work."), adopted, 2012 WL 380052 (W.D.N.C. Feb. 6, 2012). In any event, plaintiff does not challenge the ALJ's finding that plaintiff had the RFC to perform the job of sweeper cleaner.

The court will overrule this assignment of error.

      **3.      Second Assignment of Error: Failure to Develop the Record and Failure to Consult a Medical Expert.**

Plaintiff next contends that the ALJ erred in failing to develop the administrative record and in failing to consult with a medical expert. Plaintiff's Brief (#13) at 20-23.

Clearly, an ALJ has an affirmative duty to further develop the record "when the evidence is inadequate" to make a finding as to disability. Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir.1986). Where, however, "[t]he ALJ had before him sufficient facts to determine the central issue of disability," an ALJ is not required to develop the record further. Scarberry v. Chater, 52 F.3d 322, 1995 WL 238558 at *4 n. 13 (4th Cir.1995). Plaintiff was represented by counsel at the hearing and in alleging error, does not point to any specific medical evidence or factual

6

evidence are likely to exist concerning plaintiff's condition and might have led the ALJ to find that plaintiff was disabled. Indeed, at no point during counsel's closing statement at the second administrative hearing does he argue that the ALJ should withhold decision and further develop the record. See A.R. at 103. These failures are fatal to plaintiff's argument that the ALJ violated his duty to develop the record. Camp v. Massanari, No. 01-1924, 2001 WL 1658913 at **1 (4th Cir. Dec. 27, 2001) (failing to develop record is harmless error absent a "showing that additional evidence would have been produced that might have led to a different decision").

Plaintiff also assigns error to the ALJ's failure to consult with a medical expert before concluding that plaintiff was not disabled before reaching his 22nd birthday. Plaintiff's Brief (#13) at 22. Plaintiff contends this failure violates SSR 83-20. Contrary to plaintiff's argument, SSR 83-20 requires consultation with a medical advisor to determine the *onset date* of a claimant's disability only "after the claimant had proved that his condition is disabling." Bird v. Comm'r of Soc. Sec., 699 F.3d 337, 344 (4th Cir. 2012). Here, the ALJ determined that plaintiff had not proved that he was disabled; thus, SSR 83-20 does not come into play. In any event, there was no reason to order a consultative exam as the record is replete with evaluations of plaintiff's mental limitations made by six examining doctors, three consultative evaluations, a clinical evaluation, a psychological evaluation, and a 60-hour psychiatric assessment. The decision as whether to order another consultative exam is governed by the regulations, which provide that an ALJ "may" or "might" decide to order consultative examination "when the evidence as a whole is insufficient to support" a decision or in order to "try to resolve an inconsistency in the evidence." 20 C.F.R. § 404.1519a(b) (emphasis added). Here, there is substantial evidence supporting the ALJ's decision and the plaintiff has pointed to no meaningful

inconsistency or facts that other examiners had missed that would have warranted further consultative examinations other than what was of record.

The court will overrule this assignment of error.

**4.     Third Assignment of Error: RFC Not Supported by Substantial Evidence**

In what appears to be a reprise of the first assignment of error, plaintiff lastly contends that the ALJ erred in his evaluation of medical evidence, resulting in an RFC evaluation not supported by substantial evidence. Specifically, plaintiff contends that the ALJ failed to properly consider the recitation by Dr. Donald Buckner that plaintiff reported in January 2006 that he "started cutting [himself] to get rid of his anger and pain" and that he was suffering anxiety including panic attacks. Plaintiff's Brief (#13) at 23 (citing A.R. at 340). Despite plaintiff's argument, the ALJ did in fact consider and discuss such aspects of plaintiff's mental illness in his decision. At page 33 of the Administrative Record, the ALJ mentions the cutting and at pages 26, 28, and 30 he references plaintiff's anxiety.

In reaching his RFC, the ALJ gave great weight to the January 2007 opinion of Dr. Perkins (A.R. 513-16) and the September 2011 opinion of Dr. Burgin (A.R. at 587-91), which specifically cite plaintiff's reports concerning cutting himself (A.R. at 516) and his anxiety (A.R. at 590, 591). Indeed, Dr. Perkins specifically references the very report plaintiff contends was not considered -- Dr. Buckner's report -- in concluding that plaintiff had several mental limitations. A.R. at 515, 516. In turn, the ALJ accounted for these limitations by including them both in the RFC (A.R. at 19) and in the hypothetical posed to the VE at the hearing. A.R. at 101. Such a method of evaluating evidence is quite proper. Gregory v. Astrue, No. 11-cv-30281-KPN, 2012 WL 5899235, at *5 (D. Mass. Oct. 25, 2012) ( finding that while an ALJ did not

reference a particular statement from a medical source, he properly considered that statement by weighing the opinions of state agency doctors who had considered it).

In addition, plaintiff argues that the ALJ failed to consider the report of Elizabeth Tulou, MA, which reflects plaintiff's self-report in May 2006 that he had suffered depression most of his life and that he was academically challenged, as well as Ms. Tulou's statement that plaintiff "might have problems adjusting and accepting rules and regulations" and that he should remain under the care of a psychiatrist. See Plaintiff's Brief (#13) at 23. Review of the ALJ's decision reveals, however, that the ALJ in no manner ignored plaintiff's depression, his academic challenges, or his trouble with rules and regulations, finding these to be severe impairments. See A.R. at 13.

Finally, plaintiff argues that the ALJ failed to consider other records, Plaintiff's Brief (#13) at 23, but does not identify those records. Generally, failure by the Commissioner to consider an entire line of evidence falls well below the minimal level of articulation required by the Social Security Act. Diaz v. Chater, 55 F.3d 300, 307 (7th Cir.1995). However, an ALJ is not tasked with the "impossible burden of mentioning every piece of evidence" that may be placed into the Administrative Record. Parks v. Sullivan, 766 F.Supp. 627, 635 (N.D.Ill.1991). The issue is not whether the ALJ failed to mention a particular piece of evidence in his decision, but whether the ALJ's final decision denying benefits is supported by substantial evidence contained in the Administrative Record.

The court will overrule this assignment of error.

### E. Conclusion

The court has carefully reviewed the decision of the ALJ, the transcript of proceedings, plaintiff's motion and brief, the Commissioner's responsive pleading, and plaintiff's assignments of error. Review of the entire record reveals that the decision of the ALJ is supported by substantial evidence. See Richardson v. Perales, supra; Hays v. Sullivan, supra. Finding that there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, supra, plaintiff's Motion for Summary Judgment will be denied, the Commissioner's Motion for Summary Judgment will be granted, and the decision of the Commissioner will be affirmed.

### ORDER

**IT IS, THEREFORE, ORDERED** that

(1) the final decision of the Commissioner, denying the relief sought by plaintiff, is **AFFIRMED**;

(2) the plaintiff's Motion for Summary Judgment (#12) is **DENIED**;

(3) the Commissioner's Motion for Summary Judgment (#16) is **GRANTED**; and

(4) this action is **DISMISSED**.

Signed: October 30, 2013

Max O. Cogburn Jr.
United States District Judge